UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK **JUDGE COTE**
------------------------------------------------------------------------X

TRAVIS TAYLOR, an Infant Over the Age of Fourteen by his
M/N/G, SCHANELLE TAYLOR, and SCHANELLE TAYLOR,
Individually,

**07 CV 4130** COMPLAINT

                                        Plaintiff,

                                                                Index No.

         -against-

CITY OF NEW YORK, JOHN and JANE DOE 1 Through 10,       Jury Trial Demanded
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants,

                                                          MAY 29 2007

------------------------------------------------------------------------X

         Plaintiffs, TRAVIS TAYLOR, an Infant Over the Age of Fourteen by his M/N/G,

SCHANELLE TAYLOR, and SCHANELLE TAYLOR, Individually, by their attorneys,

Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

         1.       Plaintiffs brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the States of New York and the United

States.  Plaintiffs also assert supplemental state law claims.

## JURISDICTION

         2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

         3.       Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

1

4.      Venue is properly laid in the Southern District of New York under U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiffs are citizen of the United States, and at all relevant times were residents

of New York County, in the City and State of New York. At all times alleged herein, TRAVIS

TAYLOR was fifteen years old. Plaintiff SCHANELLE TAYLOR is TRAVIS TAYLOR'S

mother.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, JOHN

and JANE DOE 1 Through 10, were duly sworn police officers of said department and were

acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City

New York.

2

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.    Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.    On March 1, 2006, plaintiff TRAVIS TAYLOR was a lawful pedestrian standing in front of 107-129 E. 126th Street, located in the County, City and State of New York.

14.    At the aforesaid time and place, the defendants, members of the New York City Police Department, subjected TRAVIS TAYLOR excessive force by detaining him without probable cause and by applying excessively tight handcuffs.

15.    Notwithstanding the absence of any probable cause or privilege, plaintiff was unlawfully imprisoned and taken to an NYPD precinct, where the defendants concocted false charges to cover up their abuse of the infant plaintiff. Plaintiff was transferred to the City's Spofford Detention Facility in the Bronx, where he has held against his will overnight. On March 2, 2006, plaintiff was taken to the New York County Family Court, where he was released without being charged. Upon information and belief, the office of Michael A. Cardozo, Corporation Counsel of the City of New York, the authorized presentment agency under Family Court Act Article 3, issued a Notice of Declination, causing the arrest to become dismissed and sealed.

16.    As a result of the foregoing, plaintiff TRAVIS TAYLOR sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his

3

constitutional rights. As a result of the incident, SCHANELLE TAYLOR was forced to miss work, has been deprived of the services and enjoyment of her son, and has incurred special damages.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.    All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

19.    All of the aforementioned acts deprived plaintiff TRAVIS TAYLOR of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and fourteenth Amendments to the Constitution of the United of America, and in violation of U.S.C. 1983.

20.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

4

municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

23.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiff TRAVIS TAYLOR'S constitutional rights.

25.    As a result of the aforementioned conduct of defendants, plaintiff TRAVIS TAYLOR was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

26.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.    Defendants had an affirmative duty to intervene on behalf of plaintiff TRAVIS TAYLOR, whose constitutional rights were being violated in their presence by other officers.

28.    The defendants failed to intervene to prevent the unlawful conduct described herein.

29.    As a result of the foregoing, plaintiff TRAVIS TAYLOR was subjected to unlawful and excessive force, and was caused to be arrested and imprisoned in the absence of probable cause.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

30.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

32.    As a result of the foregoing, plaintiff TRAVIS TAYLOR was deprived of his right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.    Defendants arrested plaintiff TRAVIS TAYLOR without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35.    Defendants caused plaintiff TRAVIS TAYLOR to be falsely arrested.

### AS AND FOR AN SIXTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants maliciously commenced and continued juvenile delinquency proceedings against plaintiff TRAVIS TAYLOR without probable cause.  Said proceedings were subsequently dismissed and sealed.

38.    Defendants caused plaintiff TRAVIS TAYLOR to be maliciously prosecuted.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

39.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to committing acts of brutality and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.    In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff TRAVIS TAYLOR'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

42.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TRAVIS TAYLOR.

43.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TRAVIS TAYLOR as alleged herein.

44.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TRAVIS TAYLOR as alleged herein.

7

45.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff TRAVIS TAYLOR was unlawfully beaten and otherwise subjected to physical abuse.

46.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TRAVIS TAYLOR'S constitutional rights.

47.    All of the foregoing acts by defendants deprived plaintiff TRAVIS TAYLOR of federally protected rights, including, but not limited to, the right:

> A.    Not to be deprived of liberty without due process of law;
>
> B.    To be free from false arrest;
>
> C.    To be free from malicious prosecution;
>
> D.    To be free from the use of excessive force and/or the failure to intervene.

48.    As a result of the foregoing, plaintiff TRAVIS TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

51.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim

as aforesaid.

52.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

53.    Plaintiff has complained with all conditions precedent to maintaining the instant action.

54.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

55.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    As a result of the foregoing, plaintiff TRAVIS TAYLOR was placed in apprehension of imminent harmful and offensive bodily contact.

57.    As a result of defendant's conduct, plaintiff TRAVIS TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

58.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Defendants made offensive contact with plaintiff without privilege or consent.

60.    As a result of defendant's conduct, plaintiff TRAVIS TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under the laws of the State of New York)

61.    Plaintiff repeats, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    The defendants arrested plaintiff TRAVIS TAYLOR without probable cause.

63.    Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

64.    As a result of the aforementioned conduct, plaintiff TRAVIS TAYLOR suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under the laws of the State of New York)

65.    Plaintiff repeats, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    The defendants maliciously commenced and continued juvenile delinquency proceedings against TRAVIS TAYLOR without probable cause.

67.    Plaintiff was forced to hire an attorney and to appear in court until said proceedings were dismissed and sealed.

68.    As a result of the aforementioned conduct, plaintiff TRAVIS TAYLOR suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

10

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

69.    Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

71.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

72.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

73.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff TRAVIS TAYLOR.

74.    As a result of the aforementioned conduct, plaintiff TRAVIS TAYLOR suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

75.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff TRAVIS TAYLOR.

11

77.    Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

78.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff TRAVIS TAYLOR.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

80.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

82.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the

12

wrongful conduct described herein.

84. As a result of the foregoing, plaintiff TRAVIS TAYLOR is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 21, 2007

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 820
> Brooklyn, New York 11201
> (718) 722-4100
>
> By:  *Brett H. C*
> BRETT H. KLEIN (BK4744)
>
> Attorneys for the Plaintiffs

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

TRAVIS TAYLOR, an infant over the age of fourteen, by his
M/N/G SCHANELLE TAYLOR, AND SCHANELLE TAYLOR,

                                        Plaintiffs,

          -against-

CITY OF NEW YORK, ET AL.

                                        Defendants,

-----------------------------------------------------------------------------X


**COMPLAINT**


LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100

1